UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| K.B., III, a minor, by and through Next Friend MONIQUE DOUGHERETY, and ELITA BLANKS, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>J.B. HUNT TRANSPORT, INC., <br><br>　　　　Defendant/Third Party Plaintiff, <br><br>　　v. <br><br>LEGAL FREIGHTLINES, LLC, <br><br>　　　　Third-Party Defendant. | Case No. 2:24-CV-61 RHH |

## MEMORANDUM AND ORDER

This matter is before the Court on Third-Party Defendant Legal Freightlines, LLC's Motion to Dismiss J.B. Hunt Transport, Inc.'s Third-Party Complaint, filed August 13, 2025.  (ECF No. 43).  The motion is fully briefed and ready for disposition.

## BACKGROUND

On January 29, 2024, a motor vehicle accident transpired on US Highway 24 between Kaysamual Blanks, Jr. ("Decedent Blanks"), acting within the scope of his employment for Legal Freightlines, LLC ("Legal Freightlines"), and Michael Fenner ("Decedent Fenner"), acting within the scope of his employment for J.B. Hunt Transport, Inc. ("J.B. Hunt").  (ECF No. 1, ¶¶ 2, 11, 16-17, 23–24).  Both Decedent Blanks and Decedent Fenner were  killed in the crash.  (*Id.*, ¶ 25).

On September 3, 2024, Plaintiff K.B., III, a minor, by and through his Next Friend Monique Dougherty[1], filed a complaint pursuant to Mo. Rev. Stat. § 537.080 against J.B. Hunt, for damages in connection with the wrongful death of Decedent Blanks. (ECF No. 1, ¶¶ 1, 5). Plaintiff asserts claims for negligence/recklessness—vicarious liability (Count I), negligence/recklessness (Count II), negligent hiring/retention (Count III), negligent training (Count IV), negligent supervision (Count V), and negligent entrustment (Count VI). (*Id.*, ¶¶ 28-115). On January 3, 2025, Intervenor Plaintiff Elita Blanks filed a complaint, asserting the same causes of action against J.B. Hunt.[2] (ECF No. 21). J.B. Hunt denies all liability to Plaintiffs for damages suffered as a result of Decedent Blanks' death. (ECF Nos. 11, 23).

On July 1, 2025, J.B. Hunt filed a Third-Party Complaint against Legal Freightlines. (ECF No. 36). J.B. Hunt alleges that in the event it is found liable to Plaintiffs, Legal Freightlines is liable to Plaintiffs for all or part of J.B. Hunt's liability under the theories of contribution and/or non-contractual indemnification. (*Id.*, P. 1). Specifically, J.B. Hunt states Decedent Blanks was "careless, reckless, negligent, and failed to operate his motor vehicle in a careful, prudent, and reasonable manner," and "Decedent Blanks' negligent operation of his motor vehicle is attributable to [Legal Freightlines] by and through the doctrines of vicarious liability and respondeat superior." (*Id.*, ¶¶ 17, 24). J.B. Hunt further maintains additional facts support claims against Legal Freightlines for negligent hiring, training, supervision and retention of its driver, Decedent Blanks. (*Id.*, PP. 1-2 and ¶¶ 45-51).

On August 13, 2025, Legal Freightlines filed the instant Motion to Dismiss, on the ground that J.B. Hunt's claims are barred by the Missouri Workers' Compensation Act (the "Act"), Mo. Rev. Stat. § 287.120.1. (ECF No. 43).

---

[1] Plaintiff K.B., III, is the natural child of Decedent Blanks and Monique Dougherty. (ECF No. 1, ¶¶ 3–4).
[2] Intervenor Plaintiff Elita Blanks is the natural mother of Decedent Blanks. (ECF No. 21, ¶ 3).

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)).  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  When considering a Rule 12(b)(6) motion to dismiss, the reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor.  *Id.* at 679.

## DISCUSSION

### A.  Contribution (Count I) and Non-Contractual Indemnification (Count II)

In Count I of its Third-Party Complaint, J.B. Hunt alleges that in the event of a judgment or verdict against it (and in favor of Plaintiffs), it is entitled to contribution equal to said judgment and the costs incurred in defending this matter from Legal Freightlines.  (ECF No. 36, ¶¶ 34-38). In Count II, J.B. Hunt alleges that in the event of a judgment or verdict against it, it is entitled to non-contractual indemnification in whole or in part of said judgment, together with costs.  (*Id.*, ¶¶ 39-44).  J.B. Hunt maintains Legal Freightlines "would be unjustly enriched if J.B. Hunt was obligated to pay damages to Plaintiff and/or Intervenor Plaintiff arising from [Legal Freightlines'] negligent conduct or the negligent conduct of its employee and/or agent, Decedent Blanks." (*Id.*, ¶¶ 37, 42).

In its Motion to Dismiss, Legal Freightlines argues workers' compensation is the exclusive remedy for employees injured on-the-job under the Act, thereby barring J.B. Hunt's claims for

- 3 -

contribution and non-contractual indemnification. (ECF No. 44, PP. 3-5). The Act provides in relevant part as follows:

> Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident or occupational disease arising out of and in the course of the employee's employment. Any employee of such employer shall not be liable for any injury or death for which compensation is recoverable under this chapter and *every employer and employees of such employer shall be released from all other liability whatsoever, whether to the employee or any other person.*

Mo. Rev. Stat. § 287.120.1 (emphasis added).

To support its argument that employers are immune from liability to third-party tortfeasors for workplace injuries, Legal Freightlines cites to *State ex rel. Maryland Heights Concrete Contractors, Inc. v. Ferriss*, 588 S.W.2d 489 (Mo. banc 1979). In *Ferriss*, the plaintiffs filed a wrongful death action against a sub-contractor of the decedent's employer, on behalf of an employee who died on the employer's construction site from the explosion of a space heater. *Id.* at 489-490. The sub-contractor then filed a third-party petition against, among others, the decedent's employer, seeking contribution. *Id.* at 490. The employer moved to dismiss, however, asserting that its liability under the Act excluded all other liability. *Id.*

The Missouri Supreme Court determined that Section 287.120.1 is "clear and unambiguous", and "operates to release the employer from all other liability." *Id.* The Court followed the reasoning of *McDonnell Air. Corp. v. Hartman-Hanks-Walsh Painting Co.*, 323 S.W.2d 788 (Mo. 1959), and concluded that the only way a "non-employer defendant [may] maintain an indemnity action against the employer of the injured employee" is if the "employer defendant [] had breached a duty it expressly agreed (contracted) to perform with the non-employer []." *Id.* Because there was no agreement between the parties before it, the Court concluded that the employer was not obligated to pay contribution to the sub-contractor, and the third-party petition was dismissed. *Id.* at 490–91.

In its response, J.B. Hunt concedes that it had no express agreement or written contract with Legal Freightlines. (ECF No. 45, P. 5). J.B. Hunt asserts Legal Freightlines breached independent duties it owed to J.B. Hunt, however, regardless of its respondeat superior relationship with Decedent Blanks. (*Id.*). J.B. Hunt relies on the reasoning of *Coello v. Tug Mfg. Corp.*, 756 F. Supp. 1258 (W.D. Mo. 1991) for support. In *Coello*, the plaintiffs filed suit against two manufacturing companies, alleging they manufactured the industrial tow tractor and gearshift selector unit involved in the accident that resulted in plaintiffs' decedent's death. *See Coello*, 756 F. Supp. at 1260. After both the tow tractor and gearshift manufacturing companies filed cross-claims against each other, the tow tractor manufacturer (Tug) filed a third-party complaint against the decedent's employer (Ford), alleging Ford was subject to indemnification and/or contribution because it manufactured component parts of the subject tow tractor, and supplied and sold said components to Tug. *Id.* Ford moved for summary judgment, asserting that because it was subject to the provisions of the Act, it was "statutorily immunized for any additional liability to Tug." *Id.* at 1261.[3]

The United States District Court for the Western District of Missouri began by stating that "[a]ccording to Missouri law, an action by a third party for indemnity against an employer is not barred by Mo.Rev.Stat. § 287.120.1 when the employer breaches an independent duty or obligation to the third party." *Id.* at 1262. The Court noted that "[a]lthough the specific independent duty in *McDonnell Aircraft* was set forth in a written contract, the language used by the court is not so limited." *Id.* at 1263. Instead, the Court concluded that because Ford's duty to supply defect-free component parts to Tug represented a duty independent of any duty it owed to its employee,

---

[3] Ford argued that pursuant to the reasoning of *McDonnell Air. Corp.* and *Parks v. Union Carbide Corp.*, 602 S.W.2d 188 (Mo. banc 1980), because it had no express indemnity agreement containing a clear and unequivocal promise to indemnify Tug, it did not owe Tug an independent duty under the Act. *Id.* at 1263.

"Missouri courts would find that this independent duty creates an exception to the exclusive remedy provision of the Missouri Workers' Compensation Act." *Id.* at 1264.

With respect to contribution, the *Coello* court explained that "[u]nlike indemnity, claims for contribution are based on joint liability among alleged tortfeasors." *Id.* at 1265. The Court continued as follows:

> Under Missouri law, the employer's immunity under Mo.Rev.Stat. § 287.120.1 ordinarily shields the employer from any liability for contribution. In the absence of *actionable* negligence toward the plaintiff, an alleged tortfeasor is not liable to other defendants for contribution…Unless the plaintiff has (or had) a cause of action against the person from whom contribution is sought, that person is not liable for contribution to other defendants. If the Coello plaintiffs do not have a cause of action against Ford due to the exclusive remedy provision of Mo.Rev.Stat. § 287.120.1, Ford cannot be liable to Tug for contribution.

*Id.* (internal quotation marks and citations omitted).

Tug argued that the plaintiffs may have a direct action against Ford despite the exclusivity provision of the Act, because Ford allegedly "intentionally removed a safety device from the tow tractor". *Id.* The *Coello* court agreed, concluding that because intentionally removing a safety device could constitute a "non-accidental" injury[4], the employee (and therefore Tug) was able to bring a cause of action against Ford despite the Act's exclusivity provision. *Id.* at 1265-66.

Here, J.B. Hunt alleges that its indemnification claim stands, because Legal Freightlines had independent duties (1) "to act with reasonable care in hiring qualified drivers, providing appropriate supervision over its drivers, properly training its drivers, and entrusting its vehicles to qualified operators to not cause or contribute to cause motor vehicle collisions," and (2) "to appropriately maintain and repair its tractor-trailer, ensuring that the vehicle was safe to operate." (ECF No. 45, P. 5). J.B. Hunt further argues that its contribution claim survives, because the

---

[4] The Court stated that "[u]nder Missouri law, the intent requirement for a 'non-accidental' injury is met if an employer acts with 'substantial certainty' that employee injury will result." *Id.* at 1265.

alleged "failure to maintain and repair" the tractor-trailer "could be considered a 'non-accidental injury' or other action that falls outside of the definition of 'accident,' and thus outside the exclusivity provision, of the [] Act".[5]

Upon consideration, the Court finds that J.B. Hunt's allegations that Legal Freightlines breached independent duties it owed to J.B. Hunt are sufficient to survive the latter's motion to dismiss the non-contractual indemnification claim. The Court further finds J.B. Hunt has adequately alleged that intentional acts on the part of Legal Freightlines constituted a "non-accidental" injury, thus paving the way for a contribution claim. This portion of Legal Freightlines' Motion to Dismiss will therefore be denied.[6]

### B. Negligent Hiring, Training, Supervision and Retention (Count III)

As noted above, Count III of J.B. Hunt's Third-Party Complaint consists of claims for negligent hiring, training, supervision, and retention. (ECF No. 36, ¶¶ 45-51). J.B. Hunt alleges Legal Freightlines "had a duty to use reasonable care in hiring, training, and supervising its drivers to be competent and fit to operate a commercial motor vehicle," and that Legal Freightlines breached this duty because it "knew or should have known that Decedent Blanks was not appropriate for the position hired or retained for." (*Id.*, ¶¶ 47–48). J.B. Hunt further alleges the collision occurred "[a]s a direct and proximate result" of said breaches. (*Id.*, ¶ 51).

In its Motion to Dismiss, Legal Freightlines again asserts it is protected by the exclusivity provision of the Act. (ECF No. 44, PP. 5-6). J.B. Hunt responds that its claims for negligent hiring, training, supervision and retention are permissible despite the exclusivity provision of the Act, because they constitute separate causes of action and are "'thus independent of respondeat

---

[5] As noted above, pursuant to *Coello* a finding of a "non-accidental" injury would permit the employee, and therefore J.B. Hunt, to bring a cause of action against Legal Freightlines despite the exclusivity provision.

[6] Legal Freightlines remains free to renew its arguments on summary judgment, which the Court would consider with a full record before it.

superior liability for negligent acts of an employee acting within the scope of his employment.'") (ECF No. 45, P. 7, quoting *Higgenbotham v. Pit Stop Bar & Grill, LLC*, 548 S.W.3d 323 (Mo. App. 2018)).

Upon consideration the Court finds it cannot address the propriety of J.B. Hunt's claims at this time, as the basis for each claim is unclear. The Court notes that claims of negligent hiring, negligent training, negligent supervision and negligent retention contain different elements, and thus require different allegations to support them. J.B. Hunt nevertheless combines the claims into a single count (consisting of a mere seven allegations), and fails to provide supporting allegations for each element of each claim. The Court will therefore grant Legal Freightlines' Motion to Dismiss Count III, but further grant J.B. Hunt time in which to file an Amended Third-Party Complaint addressing these deficiencies.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED that** the Legal Freightlines, LLC's Motion to Dismiss J.B. Hunt Transport, Inc.'s Third-Party Complaint (ECF No. 43) is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing.

**IT IS FURTHER ORDERED that** J.B. Hunt is granted until **Monday, March 2, 2026,** in which to file an Amended Third-Party Complaint that addresses the deficiencies noted in this Order.

Dated this 18th day of February, 2026.

/s/ Rodney H. Holmes
_____
RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE